**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WENDY K. BIAS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 11-7073
(D.C. No. 6:10-CV-00256-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Claiming that she is unable to work, Wendy Bias seeks social security

disability benefits. An administrative law judge rejected Ms. Bias's application,

however, concluding that Ms. Bias's anxiety and depression are not severe and do not

impose any limitation on her ability to work. After a hearing, the ALJ also

concluded that while Ms. Bias suffers from severe degenerative disc disease of the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lumbar spine and a shoulder injury, she retains the "residual functional capacity" to perform light work, with the restriction that she can only occasionally stoop and should avoid work above the shoulder level. With the assistance of a vocational expert, the ALJ determined that Ms. Bias could perform jobs that exist in significant numbers in the national economy. Ms. Bias appealed this decision, but the Social Security Administration's Appeals Council upheld the ALJ and, later, so did a district court. In the end, we agree with the unanimous judgment of those who have come to this case before us.

Ms. Bias argues that the ALJ erred in finding her not disabled at "step five" of the sequential disability evaluation process because he did not acknowledge or refer to her anxiety and depression in the hypothetical he posed to the vocational expert. Of course, an ALJ must take into account any non-severe but medically determinable mental impairments when seeking to determine a claimant's capacity to work. *See* 20 C.F.R. § 416.945(a)(2). But, when it comes to posing a hypothetical to a vocational expert, if substantial evidence supports an ALJ's finding that a "non-severe" impairment does not create any work-related limitations, the ALJ is not required to include that impairment in his hypothetical. *See Qualls v. Astrue*, 428 F. App'x 841, 851 (10th Cir. 2011) (unpublished); *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011).

That's the case here. The ALJ determined Ms. Bias's anxiety and depression were not severe and "would have no more than a minimal effect" on her ability to

work. Aplt. App., Vol. 2 at 15. He did so, moreover, based on a "thorough review of [her] medical records and allegations [which] indicate[d] no vocational impairments due to" those conditions. *Id.*; *see also* 20 C.F.R. § 416.921(a) (stating that an impairment that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities" is classified as non-severe). To be sure, Ms. Bias disputes whether the ALJ's review was based on substantial evidence. In particular, she contends that the ALJ failed to employ the Psychiatric Review Technique required by 20 C.F.R. § 416.920a when assessing the severity of mental impairments. But, in fact, the record before the ALJ *did* include an evaluation using this technique by a physician who found no medically determinable mental impairments arising from Ms. Bias's anxiety and depression that might limit her ability to work. So it is that the ALJ was within his rights not to make mention of them in his hypothetical to the vocational expert.

Separately, we see no error in the district court's conclusion that the ALJ properly weighed and considered the opinion of the consultative examiner, Dr. Quadeer, and sufficiently tied his credibility findings to the evidence in the record. Rather than repeat it here, we can say simply that after careful review we agree with and adopt that court's analysis on these questions as our own.

Affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge